IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

NEAL A. CUPERSMITH, *et al.*,

        Plaintiffs,        Civil Action No.
                                          3:14-CV-1303 (TJM/DEP)

   v.

PIAKER & LYONS, P.C., *et al.*,

        Defendants.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFFS:

KANG HAGGERTY                   EDWARD T. KANG, ESQ.
& FETBROYT LLC                 GREGORY H. MATHEWS, ESQ.
123 South Broad St., Ste. 1670     DAVID P. DEAN, ESQ.
Philadelphia, PA 19109             JACKLYN FETBROYT, ESQ.

FOR DEFENDANTS:

BOND, SCHOENECK,              CHARLES SWANEKAMP, ESQ.
& KING PLLC                      BRADLEY A. HOPPE, ESQ.
Avant Building, Ste. 900
200 Delaware Ave.
Buffalo, NY 14202


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

This is an action arising out of a Ponzi scheme operated by McGinn Smith & Co., Inc., and several affiliated companies and individuals (collectively "McGinn Smith") brought by a group of investors who suffered financial losses as a result of the fraud. In a prior report, recommendation, and order, which has been adopted and affirmed on appeal to the assigned district judge, I recommended that claims brought by four of the plaintiffs be dismissed based upon their refusal to appear for deposition, and awarded defendants costs, including a reasonable attorney's fee, based upon that failure. Defendants' attorneys have now submitted a properly supported fee application. Based upon that application, defendants will be awarded costs and attorney's fees, as set forth below, against the four dismissed plaintiffs.

I. BACKGROUND

Plaintiffs commenced this action on September 11, 2014. Dkt. No. 1. In their complaint, plaintiffs, a group of seventy investors, assert claims based upon economic losses suffered as a result of the large-scale fraud scheme perpetrated by the various related McGinn-Smith entities and individuals. *Id.* at 5. Those claims are brought against defendants Piaker & Lyons, P.C., which served as McGinn Smith's auditor and tax preparer, and Ronald L. Simons and Timothy N. Paventi, with whom Piaker & Lyons, P.C.,

2

allegedly worked while the Ponzi scheme was being operated. *Id.* Although plaintiffs' complaint originally asserted four causes of action, the sole remaining claim alleges that defendants aided and abetted the fraud committed by McGinn Smith. *Id.* at 28-30.

In connection with discovery in this matter, plaintiffs Macon Nixon and Barry DeSantis failed to appear for properly noticed depositions on October 29, 2015 and December 1, 2015, respectively, notwithstanding the court's warning that failure to participate could result in dismissal of their claims.[1] Dkt. No. 100 at 4. In light of plaintiffs' failure to be deposed, on December 15, 2015, defendants moved for the imposition of sanctions against them, including dismissal of the claims asserted on behalf of the Nixon and DeSantis plaintiffs, as well as costs and attorney's fees. Dkt. No. 87. Following briefing and oral argument concerning the matter, I issued a report, recommendation, and order (1) recommending that the claims of plaintiffs Macon Nixon, Audrey Nixon, Barry DeSantis, and Jeanne DeSantis be dismissed; and (2) awarding defendants "the costs, including reasonable attorney's fees, incurred in preparing their []motion, as well as preparing for the Nixon and DeSantis depositions" pursuant to Rules

---

[1] In a previous order, the court concluded that defendants should be permitted to conduct depositions of any plaintiff or related plaintiffs, including husbands and wives, whose McGinn-Smith investment equaled or exceeded $100,000. Dkt. No. 62. Plaintiffs Macon and Audrey Nixon, as well as plaintiffs Barry and Jean DeSantis, fall into this category. Dkt. No. 87-1 at 2.

37(a)(5), 37(b)(2)(C), and 37(d)(3) of the Federal Rules of Civil Procedure. Dkt. No. 100 at 11. Plaintiffs thereafter filed objections to the report and recommendation and appealed the award of attorney's fees to Senior District Judge Thomas J. McAvoy. Dkt. No. 107. In a decision and order dated February 5, 2016, Judge McAvoy adopted the report and recommendation in full and dismissed plaintiffs' appeal. Dkt. No. 111.

On January 27, 2016, defendants filed their fee application with the court. Dkt. No. 104. Plaintiffs have since responded in opposition to that request by memorandum filed on February 22, 2016.[2] Dkt. No. 112.

II. DISCUSSION

    A. Calculation of Attorney's Fees Generally

Having already determined that an award of costs and attorney's fees is warranted under Rule 37(a)(5)(A), the task of the court now shifts to determining the appropriate amount to award. In this circuit, fee awards are informed by, *inter alia*, the Second Circuit's instructive decision in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). Under the protocol announced in *Arbor Hill*, a court must first consider whether the rates at which compensation is sought are

---

[2] In their response, the Nixon and DeSantis plaintiffs primarily argue that the award of costs and attorney's fees against them is unjust because their claims have been dismissed. *See generally* Dkt. No. 112. While plaintiffs also generally argue that the amounts sought are excessive, they do not include any specific criticisms of defendants' fee application. *Id.*

4

those that a "reasonable, paying client would be willing to pay" before multiplying that figure by the number of hours expended. *Arbor Hill*, 522 F.3d at 190-91; *see also Lewis v. City of Albany Police Dep't*, 554 F. Supp. 2d 297, 298 (N.D.N.Y. 2008) (Hurd, J.) ("Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours."). Determination of the rate at which a reasonable client would be willing to compensate for the services rendered is informed by several factors of varying degrees of relevance,

> including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively . . . the timing demands of the case, [and] whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation[.]

*Arbor Hill*, 522 F.3d at 184. *Arbor Hill* also reinforced the appropriateness of considering the so-called "*Johnson* factors" when establishing a reasonable rate, including

> (1) the time and labor required; (2) the novelty and the difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the

5

circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3, 190 (discussing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989)). The Second Circuit cautioned that a court should also "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

    B.    <u>Determining a Reasonable Hourly Rate</u>

The first step in determining an appropriate fee award is to determine the reasonable hourly rates to be applied. When awarding attorney's fees, courts in the Second Circuit apply the "forum rule," which was first developed by the Supreme Court in *Blum v. Stenson*, 465 U.S. 886 (1984). In *Arbor Hill*, the court explained that district courts "generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 192 (quotation marks omitted); *see also Blum*, 465 U.S. at 895.

Some courts in this district have found that "[t]he prevailing hour rates . . ., which are what a reasonable paying client would be willing to pay, are

6

$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years' experience, $120 per hour for an attorney with less than four years' experience, and $80 per hour for paralegals." *Lewis*, 554 F. Supp. 2d at 298-99 (citing *Picinich v. United Parcel Serv.*, No. 01-CV-1868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (McCurn, J.)); *see also Paramount Pictures Corp. v. Hopkins*, No. 07-CV-0593, 2008 WL 314541, at *5 (N.D.N.Y. Feb. 4, 2008) (Scullin, J.); *New Paltz Cent. Sch. Dist. v. St. Pierre*, No. 02-CV-0981, 2007 WL 655603, at *2 (N.D.N.Y. Feb. 26, 2008) (Scullin, J.). More recently, however, other courts in the district have awarded fees calculated at higher hourly rates. *See Legends Are Forever, Inc. v. Nike, Inc.*, No. 12-CV-1495, 2013 WL 6086461, at *4 (N.D.N.Y. Nov. 18, 2013) (Peebles, M.J.) (awarding attorney's fees based on an hourly rate of $350 for a partner, $275 per hour for an associate, and $250 per hour for local counsel); *Curves Int'l, Inc. v. Nash*, No. 11-CV-0425, 2013 WL 3872832, at *5 (N.D.N.Y. July 25, 2013) (Kahn, J.) (finding hourly rates of $275 for partners, $200 for experienced attorneys, $170 for attorneys with less than four years of experience, and $90 for paralegals to be reasonable); *Zalewski v. T.P. Builders, Inc.*, Nos. 10-CV-0876, 11-CV-1156, 2012 WL 5880327, at *3 (N.D.N.Y. Nov. 21, 2012) (Sharpe, J.) (awarding attorney's fees based on an hourly rate of $275 per hour for

partners, $200 per hour for attorneys with more than four years' experience, $170 per hour for attorneys with less than four years' experience, and $90 per hour for paralegals); *Martinez v. Thompson*, No. 04-CV-0440, 2008 WL 5157395, at *15 (N.D.N.Y. Dec. 8, 2008) (Peebles, M.J.) (awarding attorney's fees based on an hourly rate of $275 per hour); *Luessenhop v. Clinton Cnty., N.Y.*, 558 F. Supp. 2d 247, 266 (N.D.N.Y. 2008) (Treece, M.J.) (awarding attorney's fees based on an hourly rate of $235 per hour). Moreover, although the Second Circuit has not yet found that a court in this district has abused its discretion by continuing to apply the $210 hourly rate, it has commented that this rate "perhaps lag[s] behind the market." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Center*, 652 F.3d 277, 290 (2d Cir. 2011).

With this guidance as a backdrop, and mindful that in determining the "presumptively reasonable fee," as described in *Arbor Hill*, the court should be guided by "*all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees," 522 F.3d at 190 (emphasis in original), I conclude the hourly rates as requested by defendants' counsel in this matter are reasonable, which are lower than the prevailing rates recently awarded by courts in this district. Specifically, the court will calculate the appropriate fee award utilizing the

following rates: for Bradley A. Hoppe, Esq., a member at Bond, Schoeneck & King, PLLC, an hourly rate of $170; for Diane Pietraszewski, Esq., an associate at Bond, Schoeneck & King, PLLC, an hourly rate of $140; and for Gail Darrow, a paralegal employed by Bond, Schoeneck & King, PLLC, an hourly rate of $80.

### C. Number of Hours for Which Defendants' Counsel Is Entitled to Compensation

The next step in the fee award calculus requires a determination of the number of hours reasonably expended by the three attorneys making and arguing the motion. Defendants seek recovery of (1) 8.85 hours of attorney work expended on preparing for the depositions of plaintiffs Macon Nixon and Barry DeSantis, and (2) 40.3 hours of attorney and paralegal work expended on preparing their motion for sanctions and attending oral argument in connection with that motion. Dkt. No. 104-1 at 2-3. In support of this request, defendants have submitted contemporaneous time records that reflect the specific work undertaken and the amount of time spent to accomplish each task. Dkt. No. 104-2. Where a time entry in the contemporaneous records relates to preparation for more than one witness, defendants divided the time entry equally among all such witnesses "so as to accurately reflect the time devoted to [plaintiffs] Nixon and DeSantis." Dkt. No. 104-1 at 2 n.1.

Based on an independent review of defendants' time records, I find that Attorney Hoppe spent approximately 4.44 hours preparing for the deposition of plaintiff Macon Nixon, 3.82 hours preparing for the deposition of plaintiff Barry DeSantis, and 19 hours (including 5.8 hours of travel time) preparing for and arguing the motion for sanctions. Dkt. No. 104-2 at 2-5, 7, 11, 13, 16, 23-25. Attorney Pietraszewski expended 0.85 hours preparing for plaintiff Barry DeSantis's deposition and 20.5 hours preparing defendants' motion for sanctions. *Id.* at 9-15, 17-19, 21-23. Defendants' records also reflect that Paralegal Darrow spent 1.5 hours preparing for defendants' motion for sanctions. *Id.* at 20. Because the amount of time expended on each task as listed in the time records accompanied by defendants' motion appear reasonable, and there does not appear to be any duplicative entries or work shared between the attorneys, I find that it is appropriate to award defendants the amount of fees requested as reflected in their time records.[3]

---

[3] There are discrepancies between defendants' representation of the number of hours expended in preparing for the failed depositions and motion for sanctions and the court's calculations regarding those tasks. For example, Attorney Hoppe contends that "counsel spent 5.35 hours preparing for the deposition of Mr. Nixon," Dkt. No. 104-1 at 2, while my review of the contemporaneous time records reflects that Attorney Hoppe spent 4.44 hours on the preparation of that deposition. Dkt. No. 104-2 at 2 (1.3 hours), 3 (1.025 hours), 4 (.733 hours), 5 (1.3 hours). There are no time records that suggest Attorney Pietraszewski worked on the preparation of the deposition of plaintiff Macon Nixon. With respect to the preparation of the deposition of plaintiff Barry DeSantis, Attorney Hoppe suggests that counsel spent 3.3 hours on that task, Dkt. No. 104-1 at 2,

D. Total Calculation

In light of the foregoing, an award of attorney's fees in the amount of $7,250.20, calculated as follows, is warranted:[4]

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Attorney Hoppe | 21.46 | $170 | $3,648.20 |
|  | 5.8 (travel time) | $85[5] | $493.00 |
| Attorney Pietraszewski | 21.35 | $140 | $2,989.00 |
| Paralegal Darrow | 1.5 | $80 | $ 120.00 |
|  | **TOTAL:** |  | **$7,250.20** |

IV. SUMMARY AND ORDER

Plaintiffs do not oppose the specific calculations of the attorney's fees incurred by defendants' counsel in preparing for either the depositions of

---

while the court has found that Attorney Hoppe expended approximately 3.82 hours and Attorney Pietraszewski expended 0.85 hours, for a total of 4.67 hours. Dkt. No. 104-2 at 3 (Attorney Hoppe: 1.025 hours), 7 (Attorney Hoppe: 2.55 hours) 13-14 (Attorney Hoppe: 0.24 hours), 15 (Attorney Pietraszewski: 0.85 hours). Turning to the preparation of and attendance at the hearing in connection with the motion for sanctions, while Attorney Hoppe contends that counsel (and, presumably, Paralegal Darrow) spent 40.3 hours on those tasks, Dkt. No. 104-1 at 3, the court calculated 41 hours, which includes 5.8 hours of travel time to and from the hearing. I have been unable to account for the discrepancies between defendants' representation of the time spent on certain tasks and my review of the contemporaneous time records. Having carefully and independently reviewed the records, however, I have relied on my analysis, rather than the representations included in Attorney Hoppe's declaration.

[4] Defendants have not sought recovery of any costs associated with the failed depositions or the preparation and argument of their motion for sanctions.

[5] I have followed the custom in this district to allow only one-half a regular hourly rate for travel time. *See Lewis*, 554 F. Supp. 2d at 299.

plaintiffs Macon Dixon and Barry DeSantis or their motion for sanctions. In any event, I find that the amounts sought are reasonable and well supported. Accordingly, it is hereby

ORDERED defendants are hereby awarded, and plaintiffs Macon L. Dixon, Audrey E. Dixon, Barry DeSantis, and Jean A. DeSantis are directed to pay within thirty days of the date of this order, the sum of $7,250.20, representing the attorney's fees associated with the failed depositions of plaintiffs Macon Dixon and Barry DeSantis and the subsequent motion for sanctions; and it is further

ORDERED that the clerk electronically forward copies of this order to counsel for the parties.

Dated: April 8, 2016
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge