**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NEAL A. CUPERSMITH,** *et al.*

               **Plaintiffs,**

  v.                                                 3:14-cv-01303-TJM-DEP

**PIAKER & LYONS P.C.,** *et al.*

               **Defendants.**
_____
**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiffs move for entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) of the claims dismissed by this Court's September 27, 2016 Decision and Order. (Doc. No. 163 and Doc. No. 165). Defendants submit no opposition to the motion. For the reasons that follow, the motion is granted.

**II.    BACKGROUND**

This action was commenced by sixty-six individuals and two estates alleging that the Defendants, the Piaker & Lyons accounting firm and two partners in the firm, Ronald L. Simons and Timothy N. Paventi, participated in and helped conceal a Ponzi scheme in which Plaintiffs unwittingly invested. Plaintiffs asserted claims against Defendants under several theories, but only the claims asserting that Defendants aided and abetted the perpetration of the Ponzi scheme remained pending when the Court issued its September 27, 2016 Decision and Order (Doc. No. 147) ("the Order").

1

In the Order, the Court dismissed the claims of all but three Plaintiffs (Peter Zakroff, Teresa Zakroff, and Ilene Nemeth) based on statute of limitation grounds, and dismissed all claims for investments made before September 11, 2008.[1] The Court also found that, notwithstanding the untimeliness of many of the claims, Plaintiffs presented sufficient facts to withstand summary judgment on their aiding and abetting fraud claims such that the case could proceed for those claims not dismissed on statute of limitations grounds.

Thereafter, Plaintiffs filed a motion for entry of final judgment pursuant to Rule 54(b), or, in the alternative, to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. No. 151).  Defendants filed an affidavit indicating that "[e]ven though the Defendants adamantly contend that the Decision and Order of this Court dated September 27, 2016 . . . was properly decided and will be affirmed by the Court of Appeals of the Second Circuit, the Defendants do not oppose the relief requested herein by Plaintiffs." (Doc. No. 152, ¶ 2).  Defendants also indicated that a "decision of the Second Circuit determining the extent of the remaining claims in this action would significantly enhance the prospect of discussions between the parties that could potentially lead to a resolution that would obviate the necessity of a trial of the remaining Plaintiffs in this action." *Id.* ¶ 4.  The Court entered an order (Doc. No. 155) certifying the Order for interlocutory appeal but the Second Circuit denied Plaintiffs' petition for leave to appeal under § 1292(b).  Plaintiffs now renew their motion to enter final judgment on the dismissed claims pursuant to Rule 54(b).

Between the filing of Plaintiffs' first motion (Doc. No. 151) and the filing of the instant motion, several Plaintiffs voluntarily dismissed their claims, including Peter and Theresa

---

[1] Thus, even for the three remaining Plaintiffs, all of their claims except those based on investments made after September 11, 2008 were dismissed.

Zakroff (Doc. No. 162). As a result, the only active claim remaining is for a single investment by Plaintiff Ilene Nemeth in the amount of $10,000. Plaintiffs note that, by contrast, the claims dismissed by the Order total more than $7,100,000.00.

## III. DISCUSSION

### a. Rule 54(b)

In general, there is a "'historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed.2d 1 (1980)(quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). "Thus, in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011)(quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir.1991)).

> An exception to this general principle is found in Rule 54(b), which provides that
>
> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Rule 54(b) should be "exercised sparingly" and only if the "interests of sound judicial administration and efficiency" will be served. *Harriscom,* 947 F.2d at 629. "To be appropriate, a Rule 54(b) certification must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Novick*, 642 F.3d at 310. "[I]n deciding whether there are no just reasons to delay the appeal of individual final

3

judgments" a district court should "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears Roebuck*, 351 U.S. at 435, 437, 438, 76 S. Ct. 895); *see Novick*, 642 F.3d at 311 (A court "generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated.")(internal quotation marks and citation omitted). It is "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (citations omitted).

### b. Analysis

The Order is a clear final adjudication of all claims dismissed thereby, and there is no just reason for delay in appealing this decision. Although the dismissed claims are similar to the remaining claim of Ilene Nemeth (in that they all allege aiding and abetting fraud against the Defendants), the issue on appeal will apparently be limited to whether the Court properly applied the applicable statutes of limitation to Plaintiffs' claims. The issue underlying the statutes of limitation determinations (*i.e.* whether Plaintiffs were on inquiry notice of their claims against Defendants as of 2010) applies to all Plaintiffs. Thus, the appellate court would not be required to decide this issue more than once.

Further, the issue to be presented for appeal is the discrete issue of the application of the statute of limitations, and not the substance of the aiding and abetting claims themselves. Where the issue for appeal is easily separable, a certification under Rule 54(b)

4

is appropriate. *See, e.g., Roebuck v. Guttman*, 678 F. Supp. 68, 70 (S.D.N.Y. 1988) (finding certification under Rule 54(b) appropriate where the issue for appeal was "unrelated to the question of whether the legally sufficient claims … will be proved at trial, and involved "a discrete and straightforward legal issue which the Court of Appeals can resolve quickly and which will serve the goal of judicial economy.")

Still further, immediate appellate review serves the interests of judicial administration and judicial economy. Plaintiffs indicate that they intend to seek review of the Order regardless of the outcome of the disposition of Mrs. Nemeth's remaining claim. As Plaintiffs ague, entering a Rule 54(b) final judgment and allowing Plaintiffs to appeal the Order immediately would hasten the resolution of the entire case.[2]

Finally, the equities of the parties favor entry of a Rule 54(b) final judgment allowing Plaintiffs to appeal the Order immediately. As indicated by Defendants in response to the first motion, they did not oppose the relief sought by Plaintiffs and recognize that the prospect of resolution of the matter without a trial will be significantly enhanced by a decision of the Second Circuit.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' motion (Doc. No. 163 and Doc. No. 165) for entry of a Rule 54(b) final judgment on the claims and Plaintiffs dismissed by this Court's September 27, 2016 Decision and Order is **GRANTED**. The Clerk is directed to enter final judgment as to the claims and Plaintiffs dismissed by the Court's September 27, 2016

---

[2]Plaintiffs argue that whether they are successful on appeal or not, such review would facilitate the resolution of the claims of all Plaintiffs either by a single trial or settlement.

5

Decision and Order.

The remaining active claim of Plaintiff Ilene Nemeth is stayed pending resolution of the appeal of the Court's September 27, 2016 Decision and Order.

**IT IS SO ORDERED.**

Dated:October 10, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge